UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
EDUARDO MARFAK,                     :
                                    :   10 Civ. 7785 (DLC)
                    Plaintiffs,     :
     -v-                            :   MEMORANDUM
                                    :   OPINION & ORDER
VINCENZO PERETTA and VOLATOUR, INC.,:
                    Defendants.     :
------------------------------------X

DENISE COTE, District Judge:

On February 9, 2011, the parties in this collective action brought under the Fair Labor Standards Act ("FLSA") filed a joint motion for the approval of a settlement agreement ("Agreement") that provided for a payment to only the plaintiff who had joined this action and a payment that was less than the full sum of liquidated damages mandated by the FLSA. See 29 U.S.C. § 216(b). An Order of February 15 advised the parties that judicial review of this Agreement was necessary before this case could be dismissed. On February 17, defendants submitted a letter on behalf of the parties and the plaintiff filed an amended complaint. For the following reasons, the Agreement is approved, the amended complaint is accepted, and the lawsuit is dismissed.

## BACKGROUND

Eduardo Marfak ("Marfak") commenced this action on October 12, 2010, alleging that his employer -- Vincenzo Peretta and

Volaour, Inc. (the "defendants") -- violated the FLSA and New York State labor laws (the "October 12 Complaint"). In the October 12 Complaint, Marfak requested that the lawsuit be designated as a collective action under the FLSA and that a class be certified for the related state law claims. The plaintiff, however, never sought to provide notice of collective action or certification of a class.

Marfak worked as a bus driver for the defendants' transportation company located in Midtown, Manhattan. Marfak alleged that the defendant failed to pay overtime compensation required by federal and state law to employees who worked over forty hours per week. During discovery, the parties uncovered documentary evidence suggesting that Marfak drove the company bus interstate, and therefore the defendants may have a valid defense under the Motor Carrier Act.

On February 17, the plaintiff filed an amended complaint that omitted the collective action and class action claims included in the October 12 Complaint. On the same day, the Court received a letter indicating that the parties had agreed to settle this action for $5,000. If the Agreement is approved, the parties request that the action be dismissed with prejudice as to Marfak.

DISCUSSION

The FLSA imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b). The obligation to pay "liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946). In D.A. Schulte, however, the Supreme Court suggested in dicta that employees may waive FLSA claims pursuant to judicially-supervised settlements. Id. at 113 n.8. The Supreme Court reasoned that "by the simple device of filing suits and entering agreed judgments, . . . the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties." Id. Based on D.A. Schulte's dicta, several circuits have opined that courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness. See, e.g., Lynn's Food Stores, Inc. v. United States By and Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352-53 (11th Cir. 1982); Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947). In Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960 (5th Cir. 1947), the Fifth Circuit approved

3

a settlement after finding that "a bona fide dispute of both law and fact was involved in the litigation, and that the proposed settlement agreed upon was fair and equitable to all parties concerned." Id. at 961.

The plaintiff has sufficiently supported the Agreement and demonstrated that it represents a fair and equitable settlement of his bona fide dispute with his employer, as required by the FLSA. Given that there is documentary evidence that the plaintiff drove the company bus interstate and he may therefore be an exempt employee under federal overtime laws, the settlement amount to which the parties have agreed is reasonable and fair. In addition, since plaintiff did not seek to circulate notice of this action, there is no reason to find that other employees will be prejudiced by the dismissal of this lawsuit.

The prohibition on waiver of FLSA claims except pursuant to a settlement supervised by the Secretary of Labor or an agreement that is judicially approved is meant to protect employees from inequality in bargaining powers. D.A. Schulte, 328 U.S. at 115. Plaintiff has been represented by counsel throughout this lawsuit and his interests have been adequately safeguarded.

CONCLUSION

The parties' February 9, 2011 motion for approval of settlement agreement is granted, and this action is dismissed with prejudice as to Marfak. The amended complaint is accepted as the operative pleading and the Clerk of Court shall close the case.

SO ORDERED:

Dated: New York, New York
May 4, 2011

DENISE COTE
United States District Judge